UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
KHALED SARKER,

                              Plaintiff,                    **REPORT AND RECOMMENDATION**

               -against-                               18 CV 2406 (CBA) (CLP)

HOLLIS-PJ, INC. & TAMIM UDDIN,

                              Defendants.
---------------------------------------------------------- X

**POLLAK**, United States Magistrate Judge:

       On April 24, 2018, plaintiff Khaled Sarker commenced this action against Hollis-PJ, Inc. and Tamim Uddin (collectively, "defendants"), alleging, inter alia, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

       On May 17, 2018, individual defendant Uddin filed an answer pro se, denying that plaintiff did not receive proper overtime compensation. (See 5/16/2018 Answer, ECF No. 7). On May 21, 2018, the Court scheduled an initial conference in the case for June 13, 2018. (See 5/21/2018 Scheduling Order, ECF No. 8).

       On June 8, 2018, plaintiff's counsel, Abdul Hassan, filed a letter with the Court, indicating that plaintiff had notified Mr. Hassan that he had reached a resolution of the matter with defendants and was again working for them. (See Ltr.[1] at 1). Mr. Hassan informed the Court that he was not involved in the discussions between plaintiff and defendants, and noted that defendants appeared to have an attorney. (Id.) Counsel asked this Court to adjourn the initial conference sine die and represented that the parties would like to dismiss the case.

---

[1] Citations to "Ltr." refer to the Status Report and Request for Adjournment, filed by Khaled Sarker on June 8, 2018, ECF No. 9.

(Id.)

For the reasons set forth below, the Court respectfully recommends denying plaintiff's request to dismiss the case.

## FACTUAL BACKGROUND

Defendant Hollis-PJ, Inc. is a corporation that is engaged in the food and restaurant business as part of the Papa John's franchise. (Compl.[2] ¶ 13). According to the Complaint, defendant Uddin owned, controlled, and/or managed the corporation. (Id. ¶ 9). Plaintiff Sarker was employed by defendants from December 25, 2014 to approximately March 25, 2018, and his duties included cleaning, preparing food, and processing payments as cashier. (Id. ¶¶ 15, 16). Plaintiff alleges that he worked 70 hours or more each week for defendants. (Id. ¶ 18). He claims that he was not paid one and one-half times his hourly wage for hours worked during a single week in excess of 40 hours. (Id. ¶ 19). He also claims that defendants did not pay him the proper spread-of-hours rate even though he consistently worked more than ten hours in a single work day. (Id. ¶ 20). Finally, he contends that defendants failed to provide a wage notice or wage statements. (Id. ¶¶ 23, 24).

According to plaintiff's counsel's letter, the parties reached a resolution of this case, and plaintiff has returned to work for defendants. (Ltr. at 1). However, the letter provides no details about the agreement, such as the terms and the compensation, if any, provided to plaintiff.

## DISCUSSION

The Second Circuit has made it clear that a settlement in an FLSA case is subject to judicial review so that the Court can determine whether the agreement is fair and reasonable.

---

[2] Citations to "Compl." refer to plaintiff's Complaint, filed on August 14, 2018, ECF No. 1.

2

Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). Court approval is especially crucial in cases where inappropriate conduct on behalf of defendants may have persuaded plaintiff to dismiss the case. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 207 (observing that the "FLSA's primary remedial purpose [is] to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees"). Indeed, the Second Circuit in Cheeks cited Socias v. Vornado Realty L.P., which observed that "judicial approval furthers the purposes of the FLSA, because '[w]ithout judicial oversight, . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act.'" Id. at 205-206 (quoting Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40 (E.D.N.Y. 2014)).

As plaintiff's counsel is aware, an unanswered question from Cheeks is whether FLSA cases dismissed without prejudice require approval of the district court. Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 201 n.2. Cases in this Circuit illustrate the importance of judicial review of settlement agreements in light of this unanswered question. See e.g., Guarnero-Ruiz v. 36-03 Food, LLC, No. 17 CV 3178, 2017 WL 7049543, at *9 (E.D.N.Y. Dec. 11, 2017) (report and recommendation). In Guarnero-Ruiz v. 36-03 Food, LLC, the parties sought to dismiss the FLSA case without prejudice so as to bypass judicial review of the settlement. Id. at *9. Upon review of the agreement, however, the court determined that it was not a true dismissal without prejudice. Id. at *7. Rather, based on the extremely broad release language releasing the defendants from any and all future litigation by the plaintiff, the court determined that the dismissal was actually "a dismissal of FLSA claims with prejudice masquerading as a stipulation of dismissal without prejudice." Id. at

3

\*7. The Honorable Sanket J. Bulsara therefore recommended that the stipulation be rejected. Id. at \*11.

A similar situation occurred in Seck v. Dipna Rx, Inc., No. 16 CV 7262, 2017 WL 1906887, at \*2 (S.D.N.Y. May 8, 2017). In that case, the court granted the parties' dismissal without prejudice, later discovering that the parties had negotiated a hidden settlement agreement that included a broad release provision. Id. at \*1, \*2. Although Mr. Hassan represented to the court that the dismissal was without prejudice, the court determined that the overbroad release language of the agreement rendered the dismissal to be one with prejudice, thereby requiring Cheeks review. Id. at \*2.

Other courts in this Circuit have likewise held that Cheeks applies to dismissals without prejudice in FLSA cases. See, e.g., Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) (rejecting the dismissal without prejudice and requiring the parties to submit the agreement for review, given the fact that "the parties appear[ed] to be attempting an end-run around Cheeks). Although in a previous FLSA case the undersigned recommended that the dismissal without prejudice be granted, the Court did so because there was no "concrete evidence that plaintiff has either been coerced into withdrawing his claims or received compensation in return for a dismissal of plaintiff's claims." Dawidowicz v. Black Square Builders Corp., No. 15 CV 7380, 2016 WL 7665417, at \*5 (E.D.N.Y. Nov. 8, 2016), report and recommendation adopted sub nom. Dawidowicz v. Valouch, No. 15 CV 7380, 2017 WL 74712 (E.D.N.Y. Jan. 6, 2017). The Court cannot confidently say the same about this case.

Indeed, in this case, the Court has even less information than the courts did in the cases cited above. Since it has no details about the resolution reached by the parties, it is impossible to determine whether it is truly without prejudice or whether the terms of any

agreement are fair and reasonable. Moreover, the Court is particularly concerned because even though plaintiff obtained an attorney, the attorney was not involved in reaching the resolution. (Ltr. at 1). Therefore, the Court recommends that the parties be directed to prepare a motion for settlement approval pursuant to Cheeks v. Freeport Pancake House, Inc., and attach the proposed settlement agreement as an exhibit to the motion.

The Court notes that judicial review is complicated by the fact that counsel for corporate defendant Hollis-PJ, Inc. has not filed a Notice of Appearance. The failure of a corporate defendant to obtain counsel constitutes a failure to defend because a corporation cannot proceed pro se in federal court. See Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (discussing the rationale for requiring corporations, as "artificial" entities, to appear only through counsel); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (stating that "it is settled law that a corporation cannot appear other than by its attorney"). Accordingly, counsel for defendants is Ordered to file a Notice of Appearance in 14 days. If counsel for Hollis-PJ fails to do so, the Court will recommend an entry of default judgment in favor of plaintiff for the full amount of damages claimed by plaintiff, as well as attorneys' fees.

## CONCLUSION

In light of the foregoing, counsel for defendant Hollis-PJ, Inc. is required to file a Notice of Appearance in 14 days. The Court then respectfully recommends that the district court direct the parties to file papers sufficient to allow review of the settlement pursuant to Cheeks v. Freeport Pancake House, Inc.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.

Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 20, 2019

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York