```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KHALED SARKER,

                    Plaintiff,
                                                    NOT FOR PUBLICATION
    -against-                                       MEMORANDUM & ORDER
                                                    18-CV-2406 (CBA) (CLP)
HOLLIS-PJ INC., TAMIM UDDIN,

                    Defendants.
----------------------------------------------------------x
```

**AMON, United States District Judge:**

On April 24, 2018, Plaintiff Khaled Sarker filed this action against his former employers, corporate defendant Hollis-PJ, Inc. and individual defendant Tamim Uddin, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and related state and city law. (D.E. # 1.) On May 17, 2018, pro se defendant Uddin filed an answer. (D.E. # 7.) On June 6, 2018, counsel for Plaintiff filed a letter seeking to adjourn the initial conference, stating in relevant part:

> [P]laintiff notified me that he had reached some type of resolution and is back working for Defendants – I was not involved in the parties' discussions – it appears that Defendants have an attorney. . . . The parties would like to dismiss the case at this juncture.

(D.E. # 9.) The Honorable Cheryl L. Pollak, United States Magistrate Judge, granted Sarker's request and adjourned the conference sine die. (D.E. dated June 12, 2018.) The parties did not submit any additional details to the Court.

On February 20, 2019, Magistrate Judge Pollak issued a sua sponte Report and Recommendation ("R&R") recommending that the Court deny Sarker's request to dismiss the case and direct the parties to prepare a motion for settlement approval pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (D.E. # 10.) In light of the judicial mandate to determine whether FLSA settlements are fair and reasonable, Magistrate Judge

1

Pollak explained that since the Court "has no details about the resolution reached by the parties, it is impossible to determine whether [the dismissal] is truly without prejudice or whether the terms of any agreement are fair and reasonable. Moreover, the Court is particularly concerned because even though plaintiff obtained an attorney, the attorney was not involved in reaching the resolution." (R&R at 4–5.) Magistrate Judge Pollak further recommended that the Court direct counsel for Hollis-PJ, Inc. to file a notice of appearance within 14 days, explaining that if counsel failed to do so, she would recommend the entry of default judgment in favor of Sarker. (R&R at 5.)

On March 19, 2019, pro se defendant Uddin filed objections to the R&R. (D.E. # 13 ("Obj.").) Uddin explained that Sarker, who is his relative, began working for him in 2015. (Obj. ¶¶ 3–4.) In April 2018, Uddin told Sarker that he could "no longer afford to keep him on as an employee." (Obj. ¶ 7.) Two weeks later, following discussions with his family, Sarker returned to work for him. (Obj. ¶ 8.) When Sarker returned to work, Uddin gave him a $500 bonus to "help out his family for lost wages." (Obj. ¶ 9.) Uddin declined Sarker's offer to repay the sum once Sarker began getting paid again. (Obj. ¶ 10.) Uddin explained: "Mr. Sarker and I never discussed a monetary settlement of the case. The $500 bonus I paid him was meant to help him get back on []his feet after not working, not as a settlement offer." (Obj. ¶ 15.) In addition, Uddin explained that Sarker returned to work for him before Uddin even knew about the lawsuit or received a copy of the complaint. (Obj. ¶¶ 11, 16.) Uddin said he "never attempted to intimidate or coerce [Sarker] into dropping the case in any[]way." (Obj. ¶ 17.) Finally, Uddin said he and Sarker continue to work together and "both want to put this matter behind us," and Uddin cannot afford an attorney. (Obj. ¶¶ 18–20.)

Uddin also attached a copy of a signed and notarized statement from Sarker to Sarker's attorney, dated May 9, 2018, stating as follows:

2

> I Khaled Sarker writ[e] this letter to Mr. Hassan[.] I want to drop the case against Hollis PJ Inc. and Tamim Uddin. I don't want you to running case for me anymore. Pls. drop the case. Thank you.

(Obj. at p. 5.)

The Court understands Magistrate Judge Pollak's concerns, given the lack of information provided to the Court about the resolution of this matter. At the time she issued the R&R, Magistrate Judge Pollak did not have the benefit of any statements from Uddin and Sarker explaining the relevant circumstances. Having now reviewed Uddin's objections and Sarker's letter, it is apparent to the Court that the parties have not settled this action—instead, the plaintiff simply no longer wishes to pursue his case.

In light of the foregoing, the Court declines to adopt the R&R. The Court dismisses this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk of Court is respectfully directed to enter judgment accordingly and close the case. The Clerk of Court is further directed to mail a copy of this order to the pro se defendant at the address listed on the docket sheet.

SO ORDERED.

Dated: March 27, 2019
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge